IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AJAY CALVIN HOWARD,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

No. CR04-53MO
CV06-542MO
OPINION AND ORDER

**MOSMAN, Judge:**

    Pursuant to 28 U.S.C. §2255, petitioner moves to vacate, set aside or correct his sentence. The core of his complaint is that he did not get the sentence he claims he was promised, and that his case never should have come to federal court from state court. For the reasons given below, the motion is denied.

FACTUAL BACKGROUND

1. Plaintiff was originally indicted in Marion County Circuit Court for drug charges. The state made a plea offer, which, if accepted, included a promise not to prosecute in federal court. Petitioner rejected that offer. He was indicted in February 2004 in federal court for Possession with Intent to Deliver Methamphetamine. His state charges were dismissed.

PAGE 1 - OPINION AND ORDER ON DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

2. Once in federal court, petitioner filed a pro se motion to dismiss the indictment on the ground that prosecuting him in federal court was vindictive and selective. He also filed a motion to exclude evidence. He was represented throughout, first by Patrick Ehlers and then by Andrew Kohlmetz. The court heard the motions on January 3, 2005, and denied them.

3. Petitioner pleaded guilty on March 8, 2005. Pursuant to the agreement of the parties, the court amended the indictment to a less serious offense and accepted the plea.

4. Sentencing was originally set for May 10, 2005. On that date, petitioner moved to withdraw his plea. The court appointed Mr. Feiner for the limited purpose of determining whether petitioner wanted to go forward with his motion. Petitioner alleged that Mr. Kohmetz had misrepresented the plea agreement to him.

5. Mr. Feiner informed the court on May 27, 2005, that petitioner did not wish to proceed with his motion to withdraw his plea. Sentencing was set for September 7, 2005. On that date there was some discussion on the record regarding what Mr. Kohlmetz had told petitioner. The court again found that petitioner knowingly and voluntarily entered a guilty plea to the amended charge on March 8. The defendant was sentenced to 180 months imprisonment.

## DISCUSSION OF PETITIONER'S ALLEGATIONS

What follows is the court's best effort to discern the specific allegations petitioner is making.

1. Petitioner claims the court did not have jurisdiction during the sentencing hearing, perhaps because of the earlier, in-court amendment of the indictment. This was, however, done by the stipulation of both parties. It was also done to reflect a less serious charge than contained in the unamended indictment. There was, therefore, no error, no harm to petitioner, and no lack of jurisdiction.

2. Petitioner claims the prosecutor acted vindictively or in bad faith in bringing this case in federal court after petitioner was initially charged in state court. The court has previously

decided this claim on January 3, 2005. The clear holding of Supreme Court and Ninth Circuit caselaw is that it is not vindictive prosecution to increase a defendant's exposure (including the increase that may result from moving to federal court from state court) following his rejection of a plea offer. *United States v. Goodwin*, 457 U.S. 368, 382-83 (1982); *United States v. Hernandez-Herrera*, 273 F.3d 1213, 1217 (9TH Cir. 2001).

     3. Petitioner claims prosecution was sought in federal court because the case would be easier to prove. Whether this states any sort of claim is dubious. But in any event, it also it untrue. The charges have very similar elements in both systems; it is likely the evidence presented in either court would have been nearly identical, except for issues such as venue. The burden of proof is the same. As the government points out, that burden of proof must be established to the satisfaction of a unanimous jury in federal court, but only ten out of twelve jurors in state court.

     4. Petitioner claims his *pro se* motion to dismiss for violation of due process did not argue that the federal prosecution was malicious and in bad faith. This is incorrect; the motion alleged he was selectively and vindictively prosecuted and was rejected by this court.

     5. Petitioner also alleges his attorney did not advance that same argument. Mr. Kohlmetz addresses this point in his affidavit. His belief was that the argument of prosecutorial misconduct was without merit. To the degree this represents an argument of ineffective assistance of counsel, it fails on the second *Strickland* prong: the error, if any, did not prejudice the defendant. *Stricklanld v. Washington*, 466 U.S. 668, 692 (1984). Defendant made the same argument he wishes his attorney had advanced. That argument has to do with a recurring fact pattern. The court is confident that the argument would have been rejected even if it had been advanced with the able assistance of Mr. Kohlmetz.

     6. It appears petitioner may be claiming error in that he was told he would receive a sentence of 120 months in exchange for his plea. This allegation is belied by the record at his

plea, his plea petition, the representation of Mr. Feiner, and the record of events at the time of his sentencing on September 7, 2005.

7. Overarching all these specific contentions is the principle that petitioner waived most of his appellate rights on these claims (with the exception of jurisdiction and possibly ineffective assistance) when he entered his guilty plea. *Tollet v. Henderson*, 411 U.S. 258, 266-67 (1973). Further, in the plea colloquy and at sentencing he expressly waived some particular claims, such as the claim that his ultimate sentence was misrepresented to him by his attorney. As to this claim, he was provided with independent counsel. Such express waivers are valid. *United States v. Michlin*, 34 F.3d 896, 899 (9th Cir. 1994).

8. Petitioner has not met the burden of establishing a need for an evidentiary hearing. Some claims have been the subject of prior hearings in this court, and would not benefit from further development. All his claims are either clearly foreclosed on the current record, are not cognizable, or have been waived.

## CONCLUSION

For the reasons given above, petitioner's § 2255 motion is denied and this action is dismissed.

DATED this   22   day of  September  , 2006.

      /s/ Michael W Mosman
    MICHAEL W. MOSMAN
    United States District Judge